The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Leo LOPEZ, Defendant–Appellant.

No. 89CA1723.

Colorado Court of Appeals, Div. I.

June 17, 1993.

Rehearing Denied July 22, 1993.

Certiorari Denied Jan. 24, 1994.

**53**

which statements defendant asserts were self-inculpatory.

At trial, the People called the uncle as a witness to rebut defendant's claim that he and the uncle resemble each other. Defendant cross-examined the uncle without restriction, but did not call him as a defense witness or question him concerning his statement to the police.

The jury returned a verdict of guilty of first degree assault and was polled, with all agreeing to the verdict. The court received and entered the verdict. It also polled the jury on the crime of violence interrogatories. The jurors were then informed that there would be a second phase to the trial and that they should not discuss the case with others. They were then dismissed for the evening, with instructions to return the following day.

The next morning, prior to commencement of the habitual offender hearing, one juror sent a note to the court which stated:

I feel [the victim] may be mistaken regarding the person who did the actual stabbing, therefore, I have caused [sic] to have doubt regarding the stabbing.

I think it is possible [the victim] could be mistaken.

Defendant moved that this juror be specifically asked if the verdict returned was still her verdict and whether she had a reasonable doubt as to defendant's guilt or, in the alternative, that the entire jury be repolled. The trial court denied the defense motions, finding that the verdict was final when it was received and entered. The sentencing hearing was held and the jury found that defendant was an habitual offender.

Defendant contends that, in light of the note received by the court from the one juror, the court erred in refusing to repoll the juror or, alternatively, the entire jury. We agree.

■ The general rule in criminal cases is that after a verdict has been rendered and received by the court, and the court has discharged the jury, which thereupon disperses, leaving the courtroom and the control of the judge, the jury may not thereafter be recalled to reconsider or amend its verdict.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Leo Lopez, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree assault, two counts of crime of violence, and adjudicating him an habitual offender. We reverse and remand for a new trial.

Eyewitnesses testified that defendant and the victim had a disagreement inside a bar, and defendant slapped the victim. The victim and his companions left the bar, with defendant following, and a physical confrontation culminated in defendant allegedly stabbing the victim twice. The victim and his companions identified defendant as the assailant.

At trial, defendant presented the theory that the stabbing had actually been committed by his uncle. The uncle had made certain statements to investigating officers,

*Kreiser v. People,* 199 Colo. 20, 604 P.2d 27 (1979).

Defendant contends that, here, because the judgment of conviction had not yet entered and the jury had not yet been discharged when the juror sent the note, the verdict was tainted by that juror's apparent change of heart. We conclude that a new trial is required.

■ Here, while the verdict had been rendered and received by the court, the jury had not been discharged. Although the jurors had been advised that there would be a second phase to the trial, they were not advised of the nature of that phase, and they were also advised that they should not discuss the case with others. There is no evidence of record that the juror here failed to follow that instruction. Thus, there is no basis to conclude that the jury would have been tainted or that the prosecution would have been prejudiced by permitting deliberations to be reopened.

In *Kreiser v. People, supra,* the court commented on the rationale for the rule, which simply stated is that once the jurors have separated and departed from the courtroom and from the control of the court, with the opportunity to mingle and discuss the case with others, whether discussions be had or not, the jury's functions are at an end.

Here, the jurors had not been discharged, nor had they departed from the control of the court. Further, they had been instructed not to discuss the case with others. Thus, their functions were not at an end.

Because guilt of the substantive offenses must be determined by proof beyond a reasonable doubt and the verdict of the jury must be unanimous, we conclude that it was error for the court not to order the jury to return to the jury room to continue their deliberations as to the guilt or innocence of the defendant on the substantive offense. Thus, we conclude that the judgment must be reversed.

In view of our disposition of this matter, we do not address defendant's remaining contentions.

The judgment is reversed, and the cause is remanded for new trial.

PIERCE and NEY, JJ., concur.